**Charles Richard MILLER, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 96–317.**

Supreme Court of Wyoming.

July 22, 1997

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Charles Richard Miller, Jr. appeals from the district court's order revoking his probation, alleging ineffective assistance of counsel at his probation revocation hearing because counsel failed to properly offer the contents of a medical article into evidence. Finding no evidence of prejudice to Miller from counsel's failure to obtain admission of the article into evidence, we affirm.

### ISSUES

Appellant Miller offers one issue for our review, stated in argument form, as follows:

Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article 1 Section 10 of the Wyoming Constitution.

The State, as appellee, provides this statement of the issue:

Has Appellant demonstrated that his counsel was constitutionally ineffective at his probation revocation hearing?

### FACTS

In May of 1995, Miller was charged with delivering a controlled substance, marijuana, in violation of WYO. STAT. § 35–7–1031(a)(ii) (1994), and subsequently pled guilty to the

charge pursuant to a plea agreement. Miller was sentenced to serve a term of not less than one and one-half years nor more than three years in the Wyoming State Penitentiary, which was then suspended in favor of two years of probation. A term of his probation was that he not use controlled substances and that he submit to periodic testing to determine whether he was using alcohol or controlled substances.

On April 25, June 26, and July 5, 1996, Miller's urine specimens tested positive for cannabinoids. A petition to revoke Miller's probation was filed with the district court on August 14, 1996, alleging Miller violated certain conditions of his probation. During his initial hearing on the petition, Miller explained that he lost approximately fifty pounds in slightly over three months and that he believed the weight loss caused him to test positive for cannabinoids when he had not, in fact, used them.

At the probation revocation hearing, Miller's counsel unsuccessfully attempted to admit an article from the *Encyclopedia of Psychoactive Drugs, Series II, Drugs and Sports,* which apparently addressed Miller's contention that his weight loss caused him to test positive for cannabinoids even though he was not using them. The district court sustained the State's objection to admission of the article because the article was a matter for expert testimony, and counsel failed to provide proper foundation for admission of the article. Miller did not attempt to offer the article after that ruling. During his testimony Miller denied using controlled substances and offered the results of two urinalyses taken on July 25 and August 3, 1996, into evidence, both of which tested negative for controlled substances. After the probation revocation hearing, the district court revoked Miller's probation. Miller filed a timely notice of appeal.

### DISCUSSION

Miller contends he was denied effective assistance of counsel because his attorney failed to enter into evidence expert medical testimony which he claims explained the urine tests which tested positive for cannabinoids. A criminal defendant's right to the assistance of counsel is guaranteed by the Sixth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment, and is guaranteed by the Wyoming Constitution in Article 1, Section 10. *Dickeson v. State,* 843 P.2d 606, 608–09 (Wyo.1992).

We have adopted the standard for determining whether a defendant received effective assistance of counsel from *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Dickeson,* 843 P.2d at 609 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064).

In his brief, Miller criticizes his attorney for failing to elicit expert medical testimony in the form of an encyclopedia article. Miller claims his attorney should have cross-examined the State's expert witness using the article concerning the effect of weight loss on drug tests. However, he does not explain how the testimony could have been properly elicited through the State's expert or how he could reasonably expect the State's expert to acknowledge the article as relevant or authoritative. The State's expert toxicologist testified that the amount of cannabinoids in Miller's urine from the first test indicated recent usage of marijuana, from one to three days before the sample was taken. The amount found in his urine from the July 5, 1996, test implied use within a few days of the test. On cross-examination the expert testified that cannabis stays in the system from three to thirty days. Miller was appar-

ently attempting to rebut the State's expert with the encyclopedia article.

Miller claims that his counsel's actions obviously prejudiced him and clearly resulted in a break down of the adversarial process. However, those claims are not supported by any explanation as to how Miller was prejudiced or how the adversarial process broke down. At his hearing Miller alleged that his probation officer tampered with his urine samples, leading to the positive test results. He also presented two negative test results from July 25 and August 3, 1996. This evidence contradicted his claim that his weight loss resulted in false positive drug tests, making use of the article in his defense specious at best. Miller's claim that the test results were left uncontroverted because of counsel's failure to enter the article into evidence is not supported by the record.

Finally, Miller fails to reveal the contents of the article to this Court or to relate how the article was relevant to his defense. He also fails to explain how the admission of the article could possibly have succeeded in rebutting the State's expert testimony concerning the recency of his marijuana use or how he could reasonably expect admission of the article to dictate a different result. Because we do not know what the article says or how it related to Miller's defense, we cannot say counsel's failure to properly offer it into evidence was ineffective assistance of counsel. Therefore, we affirm the district court's decision to revoke Miller's probation.